UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMARON C. BEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2862 DDN |
| DALLAS JONES, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Camaron C. Beal (registration no. 1182982), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial partial filing fee at this time.[1] *See* 28 U.S.C. § 1915(b)(2). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] The Department of Corrections will be instructed to remove monthly payments from plaintiff's account in accordance with 28 U.S.C. § 1915(b)(2) until the $350 filing fee is paid.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. The account shows a negative balance of $1,020.00. For this reason, the Court will order the agency having custody of plaintiff to submit monthly payments from plaintiff's account until plaintiff's full filing fee of $350 is paid, in accordance with 28 U.S.C. § 1915(b)(2).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration in the St. Louis City Justice Center. He asserts that during his incarceration at the Justice Center on January 10, 2016, he was subjected to excessive force by

correctional officer Dallas Jones. Plaintiff claims that he was repeatedly struck by Jones in his face and head with Jones' walkie-talkie, and he asserts that Jones chased him in order to continue to assault him. Plaintiff claims that Jones only stopped beating him when another officer interceded on plaintiff's behalf.

Plaintiff claims that Superintendent Jeffrey Carson failed to protect him from Jones as Jones had assaulted plaintiff on a prior occasion in 2012 and Carson knew about the assault and failed to keep Jones away from plaintiff. By filing a separate motion to amend his complaint, plaintiff seeks to add the City of St. Louis Department of Public Safety as a defendant in this action. Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff seeks monetary damages.

## Discussion

The Court will issue process on plaintiff's claim against Dallas Jones in his individual capacity for excessive force. The Court will also issue process on plaintiff's claim against defendant Jeffrey Carson in his individual capacity for plaintiff's failure to protect claim.[2]

However, the Court will dismiss plaintiff's claims for official capacity against both defendants, as well as his claims against the City of St. Louis Department of Public Safety, as plaintiff has not alleged that a policy or custom of the City of St. Louis was responsible for the alleged constitutional violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Last, plaintiff's motion to compel and motion for appointment of counsel will be denied at this time. Discovery will not commence in this action until such time as defendants are served and an answer by each defendant has been filed. Thus, the Court will not grant plaintiff's motion to compel at this time.

---

[2] Assuming that plaintiff was not a pretrial detainee at the time of the incident, plaintiff's claims would fall under the Eighth Amendment.

-3-

Additionally, the Court has reviewed the assertions in this action and does not find that the factual and legal issues involved in this action are so complex that plaintiff cannot represent his own interests at this time. If at a later time the Court needs to reconsider its decision, plaintiff may renew his motion for appointment of counsel *See, e.g., Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that because plaintiff currently has a negative account balance, the Court will instruct the Missouri Department of Corrections, the agency having custody of plaintiff, to begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint to add a party [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dallas Jones and Jeffrey Carson in their individual capacities. Defendants shall be served through the Memorandum of Understanding the Court maintains with the City of St. Louis.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dallas Jones and Jeffrey Carsons shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Dallas Jones or Jeffrey Carsons in their official

capacities, or against the City of St. Louis Department of Public Safety, because, as to these defendants or claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery [Doc. #7] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this _____ day of March, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE