UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CAMARION C. BEAL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17 CV 2862 DDN |
| DALLAS JONES, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Dallas Jones and Jeffrey[1] Carson to dismiss plaintiff's amended complaint. (Doc. 20). Plaintiff Camarion[2] C. Beal is proceeding pro se and in forma pauperis in this matter. (Doc. 8). Plaintiff opposes the motion and asks the Court to issue process on his amended complaint. (Doc. 22). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. BACKGROUND

On December 11, 2017, plaintiff Camarion C. Beal filed his original complaint in this Court alleging certain claims against defendants Dallas Jones and Jeffrey Carson in their individual and official capacities, amending it on December 20, 2017, to add the City of St. Louis Department of Public Safety as a defendant. (Docs. 1 and 5). The Court granted the motion to add a party, but ordered that the Clerk not issue process as to defendants Jones or Carson in their official capacities, or against the Department of Public Safety, because as to these defendants or claims, the complaint was legally frivolous or failed to state a claim upon which relief could be granted. (Doc. 8).

---

[1] Plaintiff's original and amended complaints refer to defendant Carson as "Jefferey" Carson, but defendant Carson's own filings use the spelling of his first name as "Jeffrey." (Doc. 13). The Court will refer to this defendant as "Jeffrey Carson."

[2] Plaintiff's pleadings refer to himself as "Camarion" C. Beal, which is different from the first name "Camaron" shown in the minutes of the case. The Court will refer to plaintiff as "Camarion C. Beal."

On July 17, 2018, plaintiff was granted leave to file an amended complaint and he did so on August 3, 2018, renewing his claims against the Department of Public Safety and adding claims against a new defendant, Nurse Link of Corizon Health. (Doc. 19). He alleges the following facts in his amended complaint. On January 10, 2016, defendant Dallas Jones repeatedly struck him in the face and head with a walkie-talkie in a housing unit of the St. Louis City Justice Center, then chased plaintiff around the unit to continue the assault. When a lieutenant entered, plaintiff ran to her asking for help. She ordered officers to restrain defendant Jones, because he was still trying to continue the assault. Plaintiff claims that defendant Jones had assaulted him once before in 2012, when he was an arrestee, and that defendant Jeffrey Carson, the superintendent of the prison, and defendant Department of Public Safety, City of St. Louis, were aware of this history, yet failed to keep plaintiff safe.

Plaintiff was treated by defendant Nurse Link of Corizon Health for the head trauma he sustained from defendant Jones on January 10, 2016. He claims he had "2 cm knots" on the side of his head, and custodial officers had radioed a "code 3," which is a medical emergency response request, but that Nurse Link considered his condition to be "fine." After he was seen by Nurse Link, he laid down in the shower due to dizziness. Nurse Link evaluated plaintiff once more, and plaintiff claims she did not properly screen his head injury and denied or unreasonably delayed his access to proper medical care, in violation of the Eighth Amendment.

## II. MOTION TO DISMISS

Defendants Jones and Carson move to dismiss plaintiff's complaint for or failure to name defendant Carson in his individual capacity, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), for bringing previously dismissed claims against the Department of Public Safety, and for naming the Department of Public Safety and not the City of St. Louis. (Doc. 20).

### A. Legal Standard

Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome a motion to dismiss under Rule 12(b)(6) a complaint "must include enough facts to state a claim to relief that is plausible on its face," providing more than just labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such a complaint will "allow[] the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

In reviewing the pleadings under this standard, the Court must accept all of the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). The court additionally "is not required to divine the litigant's intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (citations omitted).

### B. Claim against Defendant Carson

Plaintiff's original complaint named defendant Carson in both his individual and official capacities. (Doc. 1). The amended complaint does not specify in what capacity defendant Carson is being sued. (Doc. 19). In the absence of an express statement that a claim is made against a defendant in his individual capacity, "the suit is construed as being against the defendants in their official capacity." *Rumery v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In an official-capacity suit, "the real party in interest . . . is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). For this reason, a governmental "policy or custom" must be responsible for the unlawful activity alleged. *Id.* Plaintiff does not make any policy or custom allegations against defendant Carson or against his employer, nor does he plead who defendant Carson's employer is. Therefore, plaintiff has not pled a claim against defendant Carson in his official capacity upon which relief can be granted.

Moreover, even if the Court were to construe plaintiff's allegations against defendant Carson to be in his individual capacity, the Eighth Circuit has held that individual liability under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the alleged deprivation of rights," beyond a general responsibility for supervising. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Camberos v. Branstand*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has not alleged any facts sufficient to support an inference that defendant Carson was personally involved in or directly

3

participated in the claimed misconduct. Thus, plaintiff has failed to state a claim against defendant Carson in his individual capacity as well.

Although the Court must liberally construe a pro se litigant's pleadings, the Court may not "conjure up unpled allegations to save a complaint." *Gregory*, 565 F.3d at 473. For the reasons stated, plaintiff's claim against defendant Jeffrey Carson is dismissed.

### C. Claim against Defendant Jones

Similarly, plaintiff originally named defendant Jones in his official *and individual* capacities, but has not specified in which capacity he is suing him in his amended complaint. An official-capacity claim against defendant Jones fails for the same reasons the one against defendant Carson does. However, the Court infers that plaintiff is suing Jones in his individual capacity, because he originally specified such in the original complaint, and in that context he has stated facts sufficient to indicate that defendant Jones directly participated in unconstitutional misconduct. Plaintiff's claim against defendant Jones in his individual capacity will be allowed to proceed.

### D. Claim against Department of Public Safety

Although the Court already dismissed plaintiff's claims against the Department of Public Safety, plaintiff renewed these claims in his amended complaint, alleging that the Department was aware of the 2012 incident between plaintiff and defendant Jones but did not take appropriate precautions to keep another incident from occurring.

Under Missouri law, municipal departments cannot be sued unless statutorily so authorized. *See Jordan v. Kansas City*, 929 S.W.2d 882, 887-88 (Mo. Ct. App. 1996). Plaintiff has not alleged facts that plausibly indicate it is a municipal department statutorily allowed to be sued. And this Court has repeatedly held that the St. Louis Department of Public Safety is not a suable entity. *See, e.g.*, *Roebuck v. Glass*, 2018 WL 4282641, at *1 (E.D. Mo. Sept. 7, 2018). Local governmental entities that may not be sued under state law may not be sued in the federal courts in those states. Fed. R. Civ. P. 17(b). The claim against the Department of Public Safety is dismissed with prejudice.

Plaintiff sought to clarify in his response to the motion to dismiss that he intended to sue the City of St. Louis, not just the Department of Public Safety. (Doc. 22). Even if the Court

construes his complaint as alleging a claim against the City of St. Louis, it fails to state a claim upon which relief can be granted. In order to state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege facts supporting the inference that a constitutional violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise its employees. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013). In other words, "a plaintiff must show that [his] alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Russell v. Hennepin Cnty.*, 420 F.3d 841, 849 (8th Cir. 2005).

The Court previously dismissed plaintiff's claim against the Department of Public Safety because he did not allege that a policy or custom of the City of St. Louis was responsible for the alleged constitutional violations. (Doc. 8). Plaintiff has not corrected this defect in his amended complaint. He has not added any facts about a policy or custom of the City of St. Louis that would give rise to a right to relief. Plaintiff's claim is that the Department (or the City) knew or should have known about defendant Jones' first assault and failed to prevent the second one from occurring. The allegations do not implicate any City policy or custom, or any widespread and persistent pattern of employee misconduct. The allegations against the City are too conclusory to "nudge [plaintiff's] claims . . . across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 5565 U.S. 662, 680 (2009) (citations omitted).

Accordingly, plaintiff's claim against the City of St. Louis is dismissed.

### E.  Claims against Nurse Link and Corizon Health

Finally, the Court takes up the matter of the claims against Nurse Link and Corizon Health sua sponte under 28 U.S.C. § 1915(e)(2), which provides that the Court must dismiss a claim filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from such relief. Plaintiff has not stated any facts upon which relief against Nurse Link or Corizon Health can be granted.

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). A medical need is objectively serious

5

if it has either "been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jones v. Minnesota Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008). Plaintiff has alleged that he had "2 cm knots" on the side of his head following defendant Jones' alleged assault, and that officers radioed a medical emergency response request. This is sufficient to state the serious medical need element of a deliberate indifference claim.

However, plaintiff has not alleged facts sufficient to allow a reasonable inference that these defendants acted with deliberate indifference or disregard for this serious medical need. Deliberate disregard is not shown by "mere disagreement with course of treatment," *Steele v. Weber*, 278 Fed. Appx. 699, 700 (8th Cir. 2008) (per curiam), but requires a level of culpability beyond gross negligence. *Gibson v. Weber,* 433 F.3d 642, 646 (8th Cir. 2006). Plaintiff does not allege that Nurse Link never treated his injuries. Plaintiff claims that she was responsive to his complaints and treated him. His claim is based upon his disagreement with her course of treatment, which is insufficient to state a claim upon which relief can be granted.

Plaintiff has also requested that the Court serve Nurse Link's employer, Corizon Health, with process. (Doc. 22, Ex. 1). In order to state a claim against Corizon Health, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993); *Leggins v. Kelley*, No. 5:11 CV 330, 2012 WL 6200456, at *2 (E.D. Ark. Oct. 29, 2012) (ruling allegations against defendant Corizon insufficient to state a claim), *report and recommendation adopted,* No. 5:11 CV 330, 2012 WL 6200442 (E.D. Ark. Dec. 12, 2012). Plaintiff has not pled an actionable claim against Corizon Health's employee, Nurse Link. But even if he had, he does not allege that a policy or custom of Corizon Health was responsible for this injury. Without more detail, plaintiff has failed to allege facts which, taken as true, state a claim as a matter of law. Therefore, his claims against Nurse Link and Corizon Health do not survive this Court's review under 28 U.S.C. § 1915(e).

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendants to dismiss plaintiff's amended complaint (Doc. 20) is **granted in part and otherwise denied, in that:**

a. The claim against defendant Jeffrey Carson is dismissed without prejudice;

b.       The claim against defendant Dallas Jones in his individual capacity is not dismissed and will proceed;

c.       The claim against the defendant City of St. Louis is dismissed without prejudice;

d.       The claim against the defendant Department of Public Safety is dismissed with prejudice;

e.       The claims against defendants Nurse Link and Corizon are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the motion of plaintiff Camarion C. Beal for the Court to issue process against Corizon Health and the City of St. Louis (Doc. 22) **is denied.**

Upon the own Court's motion, observing that several of the docket entries show plaintiff's first name as "Camaron" while his pleadings show his first name as "Camarion,"

**IT IS FURTHER ORDERED** that the Clerk change the CM/ECF records and docket minute entries to reflect the plaintiff's first name as "Camarion" and defendant Carson's first name as "Jeffrey."


          **/s/ David D. Noce**
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 24, 2018.