# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CAMARION C. BEAL,            ) | |
| )| |
| Plaintiff,            ) | |
| )| |
| v.            ) | No. 4:17 CV 2862 DDN |
| )| |
| DALLAS JONES, et al.,            ) | |
| )| |
| Defendants.            ) | |

## MEMORANDUM AND ORDER

This action is before the Court on the motion of defendant Dallas Jones for summary judgment under Fed. R. Civ. P. Rule 56. (Doc. 47.) Plaintiff opposes the motion. (Doc. 83.) For the reasons discussed below, the Court denies the motion.

## BACKGROUND

On December 11, 2017, plaintiff Camarion C. Beal commenced this judicial action with claims against defendants Dallas Jones and Jefferey Carson, alleging in part excessive force by defendant Jones as a correctional officer in the jail where plaintiff was confined. (Doc. 1.) In an amended complaint, "Nurse Link (Corizon Health)", the City of St. Louis, and the Department of Public Safety were added as defendants. Later, the claims against all defendants, except the claim against defendant Jones in his individual capacity, were dismissed. (Doc. 25.)

Plaintiff alleges the following facts in his amended complaint. (Doc. 19.) On January 10, 2016, defendant Dallas Jones repeatedly struck him in the face and head with a walkie-talkie in a housing unit of the St. Louis City Justice Center, then chased plaintiff around the unit to continue the assault. When a lieutenant entered, plaintiff ran to her asking for help. She ordered officers to restrain defendant Jones, because he was still trying to continue the assault. Plaintiff claims that defendant Jones also assaulted him once in 2012 when plaintiff was an arrestee.

Plaintiff alleges he was treated by Nurse Link of Corizon Health for the head trauma he sustained from defendant Jones on January 10, 2016. He claims he had "2 cm knots" on the side of his head, and custodial officers had radioed a "code 3," which is a medical emergency response request.

The instant motion for summary judgment involves only the facts related to plaintiff and defendant Dallas Jones.

## MOTION FOR SUMMARY JUDGMENT

### Legal Standard

Summary judgment is appropriate "[i]f there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party." *Shrable v. Eaton Corp.*, 695 F.3d 768, 770-71 (8th Cir. 2012); *see also* Fed. R. Civ. P. 56(a). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden shifts to the non-moving party to demonstrate that disputes of fact exist only after the movant has made its showing. *Id.* It is the nonmoving party's burden to proffer specific factual support by affidavit or other evidence to avoid summary judgment. *Perry v. Martin*, 2013 WL 6331474, at *1 (E.D. Mo. Dec. 5, 2013).

### Discussion

Defendant's motion for summary judgment and plaintiff's opposition to the motion proffer testimony that contradicts the other's about the incident underlying plaintiff's claim. Defendant Jones argues he is entitled to summary judgment because his use of force was reasonable and did not violate plaintiff's Fourth Amendment rights. (Doc. 47.) Jones asserts that "Beal then cursed at [d]efendant and initiated physical contact by punching him in the face with a closed fist." (Doc. 47 ¶ 11.) Defendant pepper sprayed plaintiff Beal, they fell to the floor wrestling, and defendant became affected by the pepper spray. (*Id*. at ¶ 13-17.) Next, defendant struck plaintiff with his radio and, when another officer responded, plaintiff fell down and cradled himself in an attempt to make it appear as if defendant was the aggressor. (*Id*. at ¶ 23.)

Conversely, plaintiff Beal asserts that defendant Jones hit him, a pretrial detainee with a broken arm in a cast, in the head with a radio and sprayed him with pepper spray. (Doc. 83.) Plaintiff argues that defendant acted without provocation and with the intent to injure, punish, and discipline plaintiff and it was not the first-time defendant attacked plaintiff. (*Id*.) Plaintiff further argues that defendant removed his glasses, shouted obscenities at plaintiff, and without provocation, attempted to punch him. (*Id*.) Plaintiff argues he did not hit Officer Jones before or after the unprovoked attack and defended himself by raising his broken arm to block the blow.

2

Even so, defendant threw him to the floor, hit him in the head with the walkie-talkie, and did not call for backup. (*Id.*)  Witness Lieutenant Richard described Jones' behavior as "overly aggressive," "unnecessary," and "unreasonable." (Doc. 83, Ex. D, 14:10-24.)

Plaintiff has proffered evidence of sufficient facts that a reasonable fact finder could find defendant Jones committed the alleged misconduct.

The parties' distinctly different accounts create a clear dispute of material fact that must be decided at trial.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Dallas Jones for summary judgment (Doc. 47) is **denied**.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 17, 2020.